UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.

CASE NO. 11-CR-20456
HONORABLE GEORGE CARAM STEEH

ANTHONY GLENN WASHINGTON,

    Defendant-Petitioner.

_____/

**ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE
OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**

    On March 23, 2012, petitioner pled guilty to conspiring to distribute and to possess with the intent to distribute over 5 kilograms of cocaine and over 1 kilogram of heroin. As part of his plea agreement, petitioner agreed not to appeal his conviction. The court sentenced petitioner to 240 months imprisonment. Now before the court is petitioner's untimely motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Petitioner recognizes that his motion is untimely, but argues that equitable tolling applies because (1) he did not know of the one-year deadline, (2) he suffered from insomnia while incarcerated, and (3) his letter requests for court documents in September 2013 and September 2014 were not answered to his satisfaction, and his request for a plea transcript on January 5, 2015, was denied for failure to support his request for a transcript prepared without charge.

    Section 2255 provides that, except in circumstances not present here, the one-year limitations period for filing a § 2255 motion begins to run on "the date on which the

judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Because petitioner waived his right to appeal, his conviction became final on the date of final judgment entered on September 24, 2012. Accordingly, the one-year limitations period to file a § 2255 petition expired on September 24, 2013. Petitioner filed his motion to vacate, set aside, or correct sentence on February 12, 2015 - nearly 18 months too late.

The court may *sua sponte* dismiss a habeas petition for untimeliness after giving the parties notice and an opportunity to be heard. *Day v. McDonough*, 547 U.S. 198, 210 (2006). In this case, petitioner is well aware that his petition is time-barred unless equitable tolling applies as he has fully briefed the issue in his motion. Accordingly, petitioner has been heard on the issue and no further notice is required. Equitable tolling is to be used sparingly and "only if two requirements are met. First, the petitioner must establish that he has been pursuing his rights diligently. And second, the petitioner must show that some extraordinary circumstance stood in his way and prevented timely filing." *Jones v. United States*, 689 F.3d 621, 627 (6th Cir. 2012) (internal quotation marks and citations omitted). The Supreme Court has instructed courts to consider each claim for equitable tolling on a case-by-case basis. *Holland v. Florida*, 560 U.S. 631, 632 (2011).

As to the first requirement, petitioner has not shown that he pursued his rights diligently. Turning now to the second requirement, the court finds that petitioner has not shown that some extraordinary circumstance prevented him from filing his petition on time. First, petitioner claims that he was ignorant of the filing deadline. The Sixth Circuit has held, however, that "ignorance of the law alone is not sufficient to warrant equitable tolling." *Turner v. Mills*, 219 F. App'x 425, 429 (6th Cir. 2007). Next, the court considers petitioner's claim that his insomnia prevented him from complying with the statute of limitations.

"Illness - mental or physical- tolls a statute of limitations only if it actually prevents the sufferer from pursuing his legal rights during the limitations period." *Plummer v. Warren*, 463 F. App'x 501, 506 (6th Cir. 2012) (internal quotations marks and citations omitted). Although petitioner has submitted an affidavit stating that he suffered insomnia while incarcerated, plaintiff has not demonstrated that his difficulty sleeping would have prevented him from pursuing his legal rights during the limitation period. *See e.g. Turner*, 219 F. App'x at 429 (petitioner's learning disability, bouts of depression and migraine headaches causing short-term blindness which made pursuing rights more difficult did not prevent him from diligently pursuing those rights altogether.)

Finally, the court considers petitioner's argument that he lacked his plea transcript and other court documents which allegedly prevented him from filing his § 2255 petition sooner, but petitioner admits he did not request any such documents prior to September, 2013, the month that his § 2255 petition was due.  Petitioner has failed to show that he diligently pursued his rights, or that any extraordinary circumstance excused him from filing his motion to vacate, set aside, or correct sentence 18 months too late.

Petitioner also argues that he recently obtained a true copy of the criminal complaint from his friends and relatives and that because the copy is unsigned by the magistrate judge, but only stamped with his name, and is unsigned by the attesting DEA agent, his claim for § 2255 relief could not have been discovered prior to receipt of the true copy of the criminal complaint and thus, his petition is timely under § 2255(f)(4).  Petitioner's argument is devoid of merit.  A criminal complaint signed by both Magistrate Judge Randon and DEA agent Terrence Newman is part of the official record of this case.  Doc. 3.

When denials of relief are based on procedural defaults, a district court should issue a certificate of appealability if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Upon review, the court determines that petitioner has not shown that he is entitled to a certificate of appealability because reasonable jurists could not find it debatable whether his motion should be denied on the ground that it is time-barred by the limitations period in 28 U.S.C. § 2255(f).

For the reasons set forth above, petitioner's motion to vacate, set aside, or correct sentence pursuant to § 2255 (Doc. 33) is DENIED and a certificate of appealability is DENIED.

**IT IS SO ORDERED**.

Dated: February 24, 2015

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 24, 2015, by electronic and/or ordinary mail and also on Anthony Glenn Washington #18485-039, FCI Loretto, P. O. Box 1000, Loretto, PA 15940.

s/Barbara Radke
Deputy Clerk